CASE 0:26-cv-00383-JRT-JFD   Doc. 1   Filed 01/15/26   Page 1 of 7

RECEIVED BY MAIL
JAN 15 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
LT JAN 15 2026
U.S. DISTRICT COURT MPLS

RECEIVED BY MAIL
JAN 15 2026
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT
FOR THE EIGHTH DISTRICT
MINNEAPOLIS, MN

UNITED STATES OF AMERICA, )
Respondent, )
)
vs. )
)
FLORIAN CLAUDIU MARTIN )
Petitioner, )

26-cv-383 (JRT/JFD)

Petition for Habeas Corpus under 28 U.S.C. § 2241

Case No. 19-CR-00651- JUDGE STEIN

Comes now, Florian Claudiu Martin, Petitioner, pro se, and hereby files this Motion seeking relief from this Honorable Court.

This Court is respectfully reminded that Petitioner is proceeding Pro-Se and prays that his pleadings will be liberally construed under Haines v. Kerner, 404 U.S. 519, 520, 92, S.Ct. 594, 30 L.ed2d 652 (1972).

A Federal District Court may grant Habeas Relief to a Federal Prisoner if his custody violates Federal Law. See U.S.C. § 2241.

While a Federal prisoner challengingg the validity of a conviction must bring a petition under Section 2255, a Petitioner challenging the manner, location, or execution of that sentence must ordinarily rely on a Petition under Section 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The BOP rather than the sentencing Court, calculates a Federal Prisoner's entitlement to sentencing credits (in this case earned time credits) in the first instance. See United States v. Wilson, 503 U.S. 329, 335,

(1)

A Federal District Court may grant Habeas Relief to a Federal Prisoner if His custody violates the Federal Law. See 28 U.S.C§ 2241.

While a Federal prisoner challenging the validity of a conviction must bring a petition under Section 2255, a Petitioner challenging the manner, location, or execution of that sentence must ordinarily rely on a Petition under Section 2241. See *Hernandez v. Campbell*, 204 F.3d 861,864 (9th Cir.2000). The BOP rather than the sentencing Court, calculates a Federal Prisoner's entitlement to sentencing credits (in this case earned time credits) in the first instance. See *United States v. Wilson*, 503 U.S.329,335, (1992). The BOP's calculation of sentencing credit is a sentencing execution that a habeas petitioner may challenge with a Section 2241 petition. See *Zavala v. Ives*, 785 F.3d 367,370 n.3 (9th Cir. 2015); *United States v. Giddings*, 740 F.2d 770,772 (9th Cir.1984). A federal prisoner must file a Section 2241 petition in the district of his custodian, not the district that sentenced him. See *Hernandez*, 204 F.3d at 865.

Here, Petitioner raises only one habeas claim: that under the First Step Act, the BOP must award him ETC (earned time credits) as it does with the American Citizens and many Aliens Non-Resident Citizens, Petitioner's claim is supported under the Constitution of the United States and under the Equal Act.

Petitioner also wants to advise this honorable Court that Petitioner is not required to exhaust administrative remedies before bringing this Petition to Court. The United States Court of Appeals has specifically held that an Alien Habeas Petitioner with a detainer in place against him as Petitioner, is not required to exhaust administrative remedies before bringing a Petition challenging B.O.P. regulations or procedures barring him from halfway house, early supervised release placement on due process and Constitutionally Equal Protection Grounds. Please See 688 F3d 190,194. (citing 127 F.3d 470, 477 (noting exhaustion not required where claimant raises a Constitutional claim that The Agency would clearly object). The Court reasoned very wisely that it would be futile for a prisoner to make an administrative challenge seeking relief from the very entity charged to enforce the regulation, Id, Exceptions to the exhaustion requirement exist "where the available administrative remedies either are unavailable or wholly inappropriate the relief sought, or where the attempt to exhaust such remedies would itself be patently futile course of action." 11 F.3d at 62. Ordinarily, a party's failure to exhaust available remedies is

the very entity charged to enforce the regulation, Id, Exceptions to the exhaustion requirement exist "where the available administrative remedies either are unavailable or wholly inappropriate the releif, or where the attempt to exhaust such remedies would itself be patently futile course of action." 11 F.3d at 62. Ordinarily, a party's failure to exhaust available remedies is an affirmative defense. See Sarei v. Rio Tinto, PLC, 550 F.3d 822, 832 (9th Cir. 2008). Petitioner has no obligation to raise the exhaustion issue before any response from the Government, but he has chosen to do so. He contends that he need not exhaust administrative remedies because doing so would be futile. See ECF No. 6 at 13-14; Ward v. Chaver, 678 F. 3d 1042, 1045 (9theCir. 2012) (reasoning that exhaustion requirement may be excused in Section 2241 cases when exhaustion of administrative remedies would be "futile"). According to petitioner, the BOP has already informed certain Aliens Non-Resident Citizens prisoners that in the BOP's view the pertinent statutory Authority is not applicable to certain Aliens Non-Resident Citizens in a total discriminatory action.

ARGUMENT

Petitioner, who is currently incarcerated at the Federal Medical Center, in Rochester Olmsted County, Minnesota. Respectfully submits this petition requesting the Court's help, because the Federal Bureau of Prisons (BOP) discriminates non-U.S. Citizens inmates like Petitioner, and excludes us from obtaining the benefits as follows:

## STATUTORY AUTHORITY

The First Step Act of 2018 was enacted into law on December 21, 2018, and codified at 18 U.S.C. sec. 3632(d)(4). The B.O.P. created a rule to implement procedures for earning and awarding earned time credits. That Rule is located at 28 CFR part 523 and part 541. The final Rule says:

1. Who is eligible to apply FSA Time Credits toward pre-release custody or supervised release?
   - People in B.O.P. custody (including those in a halfway house or on home confinement;
   - Who are serving a Federal Sentence;
   - Who have successfully participated in Evidence-Based Recidivism Reducing programs (EBRR or Programs) or Productive Activities (PA);
   
   Who have maintained a "minimum" or "low" risk status through their two most recent risk assessments, or
   
   Who can obtain warden approval; and
   
   Who have earned credits equal to the remainder of their prison term.

- Eligible people who have earned FSA Time Credits may have them applied toward pre-release custody (halfway house or home confinement transfers) or early transfer to supervised release (essentially shortening the sentence).

   Transfer to supervise release limited to one year, but people may be transferred to pre-release custody earlier.

- As soon as an eligible person begins their Federal Sentence, they are eligible to earn FSA Time Credits.

- People are being awarded retroactive FSA Time Credits for participation in programs after the First Step Act was enacted on December 21, 2018.

   Eligible people who participated in programming and activities from December 21, 2018 to January 14, 2020, will be presumed to have participated in EBRR programs and PAs and may earn FSA

4

Time Credits using the same criteria applied as if they had participated in those Programs and PAs.

This presumption applies because the risk and needs assessments were not completed until January 14, 2020, so there was not ability to connect individuals to recommended programs.

After January 15, 2020, eligible people who successfully participated in EBRR programs or PAs recommended by the BOP may be able to earn FSA Time Credits.

The B.O.P is calculating and applying Earned Time Credits retroactively (from December 21, 2018) and transferring people to home confinement, half way houses, supervised release to Thousands of people especially American Citizens started transferring out of prison to the community or ending their sentences and beginning supervised release starting on January 13, 2022. Also, BOP is releasing Aliens (non-Resident Citizens) to the Immigration Authorities to be deported to their Countries.

A person is eligible for transfer to supervised release when they have:

- Met all the criteria above exposed;
- Have a term of supervised release included in their sentence;
- Are within 12 months of the end of their sentence, and either
    Have maintained minimum or low recidivism risk through the most recent risk and needs assessment, or
    Are approved by the Warden after the Warden determines they:
- do not pose a danger to the society.
- have made a good faith effort to lower risk of recidivism; and
- are unlikely to recidivate.
- Do not have a final order of deportation given by an Immigration Judge.

5

## PREVIOUS FILING INFORMATION AND DETAILS

The petitioner has already filed for relief persuant to §2241, as included in the Docket information and PACER files. He understands that his motion was perreviously denied by his honor. However, in light of new legislation and as a result of Executive Order, this newly filed motion for relief, which is persuant, also, to §2241 is reflective of that new legislation.

The court will find, as follows, that on a 09/05/2024 TEAM document a date of relelease of "Conditional release for 07/18/2026. Then, on 07/08/2025, a new assessment with TEAm showed a projected release date of 04/15/2027. This is a disparity due to the fatc that all FTC/ETC had been removed as if I were not eligible for the Earned time credits offered by FSA and SCA.

Included in the TRUMP Administration's "Big Beautiful Bill" 2026 legislation is a reversal of all removed or reversed FSA/ETC time credit release dates.

Effective January 05th, 2026 all aligible persons/inmate subjects, who's FTC/ETC/ FSA time credits had been removed from their expected early release date information, shal receive their release date credits again, restoring their GOOD CONDUCT TIME Earned.

Petitioner asks this honorable court to readjust the removed or retracted FTC/FSA/ETC time credits, or, in the opposite, to instruct the BOP to do the same in adjustment of those time credits.

## RELATIVE CASE LAW

- 2025 U.S. DIST. LEXIS 187265:: Pawlowski V. Wardwen, FCI Cumberland:: September 24th, 2025

&

- 90 F. 4th 1000:: Hebrand V. Nofziger:: April 17, 2023

- Have a term of supervised release included in their sentence;
- Are within 12 months of the end of their sentence, and either

Have maintained minimum or low recidivism risk through the most recent risk and needs assessment, or

Are approved by the Warden after the Warden determines they:

- do not pose a danger to the society
- have made a good faith effort to lower risk of recidivism: and
- are unlikely to recidivate.
- <u>Do not have a final order of deporation given by an Immigration Judge.</u>

## <u>CONCLUSION</u>

For the foregoing reasons, your Honor please:

(1) Direct the B.O.P. to not exclude and grant non-U.S. Citizens inmates from participating in a one year sentence reduction granted by the FSA through the Earned Time Credits Program (ETCP).

Additionally, Petitioner prays that this Honorable Court grant any other relief that it deems proper, necessary, just and equitable.

Respectfully Submitted:                    Date: 01/12/2026

*(signature)*

FMC Rochester
Florian Claudiu Martin
P.O. Box 4000
Rochester, MN 55903-4000
FED#87292-054
DORM

(7)